**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**KAYLEB DAONTA WILLIAMS**

**VERSUS**

**BATON ROUGE POLICE DEPARTMENT**

**CIVIL ACTION NO.**

**22-27-JWD-EWD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 3, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KAYLEB DAONTA WILLIAMS** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **BATON ROUGE POLICE DEPARTMENT** | **22-27-JWD-EWD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kayleb Daonta Williams ("Plaintiff"), who is representing himself, has failed to pay the required filing fee in this case. Plaintiff has also failed to keep the Court apprised of his current address as required by Local Civil Rule 41(b)(4). Therefore, it is recommended that this action be dismissed without prejudice on the Court's own motion for failure to comply with Court orders under Fed. R. Civ. P. 41(b) and for lack of compliance with Local Civil Rule 41(b)(4).[1]

### I. Background

Plaintiff filed this suit on or about January 11, 2022 against the Baton Rouge Police Department ("BRPD") on a form Complaint.[2] In Section 1 of the Complaint, Plaintiff stated the grounds for filing his case as follows: "emotional distress, harassment, defamation of character, slander, libel, improper investigation, false accusation, [and] false imprisonment." The Statement of Claim portion of the Complaint reads, "BRPD harassed and searched my family members homes without proper or cause or warrants, ~~advertised me on the news as a 1st degree attempted murderer~~, requested help from public via WAFB with false accusation of attempted 1st degree murder."[3] Plaintiff seeks punitive damages, liquidated damages, and reimbursement of any fees

---

[1] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

[2] R. Doc. 1.

[3] *Id*. (strikethrough in original).

Certified mail receipt # 7020 0640 0001 4750 5913

incurred in this matter, including legal fees.[4] Given the limited factual information in the Complaint, the Court could not determine the basis of Plaintiff's claims to decide whether federal subject matter jurisdiction exists under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity), so Plaintiff was ordered to file an amended complaint stating (1) specific facts to establish that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction), and (2) specific facts to support his claims.[5] Plaintiff requested and received an extension of time, which required his amended complaint to be filed by January 6, 2023.[6] Plaintiff was placed on notice that failure to timely file the amended complaint might result in dismissal of his lawsuit.[7] He has not filed an amended complaint within the extended deadline, as ordered.

With his original Complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("IFP Motion"). Because the short form did not provide enough information, Plaintiff's request was denied but he was given the opportunity to re-file on a long form, which he did. The Court denied Plaintiff's long form IFP Motion, finding that he had not established any monthly expenses that would offset his $2600.00/month average income to show that he could not pay the filing fee. Plaintiff was ordered to pay the $402.00 filing fee by no later than November 21, 2022. He was also advised that failure to timely pay the filing fee might result in dismissal of the case without further notice.[8] To date, Plaintiff has not paid the filing fee. Additionally, the Order denying Plaintiff's long form IFP Motion was returned as "unclaimed/unable to forward."[9]

---

[4] *Id*.
[5] R. Doc. 6.
[6] R. Docs. 8 & 9.
[7] R. Doc. 9.
[8] R. Doc. 10.
[9] R. Doc. 11.

## II. LAW AND ANALYSIS

### A. This Case Should Be Dismissed Because Plaintiff Has Failed to Comply with Court Orders to Prosecute His Claims

Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[10] Local Civil Rule 41(b)(4) provides:

> (b) Dismissal for Failure to Prosecute.
>
> *   *   *
>
> (4) The failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days.

One hundred and twenty (120) days have elapsed since the Court originally ordered Plaintiff to file an amended complaint and almost a month has passed since his extended deadline to do so expired. Additionally, seventy-three (73) days have passed since Plaintiff's deadline to pay the required filing fee expired. As such, Plaintiff has failed to comply with Court orders and to prosecute his claims. Plaintiff also appears to have failed to keep the Court apprised of his current address as mail from the Court to Plaintiff has been returned undeliverable more than thirty

---

[10] *See Boudwin,* 756 F.2d at 401.

(30) days ago, although it was sent to the address he originally provided.[11] Plaintiff has not provided an updated address.

Accordingly, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 41(b)(4), and in light of the notices given to Plaintiff that this case could be dismissed if he failed to comply, it is recommended that this action be dismissed without prejudice for failure to comply with Court orders to prosecute. It is further recommended that the dismissal be without prejudice, and that the action be reinstated if Plaintiff shows good cause within thirty days of any order dismissing the case.

## RECOMMENDATION

**IT IS RECOMMENDED** that, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 41(b)(4), all claims of Plaintiff Kayleb Daonta Williams be **DISMISSED WITHOUT PREJUDICE** and this matter **TERMINATED** due to Plaintiff's failure to comply with Court orders to prosecute his claims and failure to keep the Court apprised of his current address.

**IT IS FURTHER RECOMMENDED** that the dismissal be **WITHOUT PREJUDICE** to Plaintiff's right to seek reinstatement of this action within thirty days of the Ruling adopting this Report and Recommendation upon a showing by Plaintiff of good cause.

**IT IS ORDERED** that the Clerk of Court shall serve this Report and Recommendation on Plaintiff Kayleb Daonta Williams via regular and certified mail, return receipt requested at his address listed on PACER: 9848 Olympic Avenue, Baton Rouge, LA 70814.

Signed in Baton Rouge, Louisiana, on February 2, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[11] *See* R. Doc. 1, p. 2.